UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Terri Salvia, )
    Plaintiff(s); )
    )
-vs.- ) No. CV 95-P-2081-S
    )
Dazser/AL d/b/a/ Jani-King of )
Birmingham, )
    Defendant(s). )

ENTERED

FEB 27 1997

## ORDER

    After consideration of the argument and evidence submitted by the parties, the Defendant's ("Dazser/AL") Motion for Summary Judgment is hereby DENIED. The basis of Dazser/AL's Motion for Summary Judgment is that it is not an employer as defined by the Americans with Disabilities Act (ADA) because it employs fewer than 15 people. It is undisputed that Dazser/AL employed a maximum of 5 individuals during the time the Plaintiff was employed. However, the Plaintiff argues that Dazser/AL and Dazser Corporation, a related company, should be considered a single entity for purposes of determining employer status under the ADA. The Plaintiff has submitted sufficient evidence of common ownership and interrelatedness of the operations of Dazser/AL and Dazser Corporation to establish a genuine issue of material fact as to whether the two companies should be treated as a single entity for purposes of determining Dazser/AL's status as an employer.[1]

Dated: 2-26-97

Chief Judge Sam C. Pointer, Jr.

Service List:
Mr. William B. Lloyd
Mr. Mac B. Greaves
Mr. Grant D. Petersen

---

    1. The Court notes that there is no binding authority explicitly stating what factors to consider in determining whether two related corporations should be treated as a single entity under the ADA. However, the Court analogized to the test promulgated by the National Labor Relations Board and applied in the Eleventh Circuit to Title VII cases. Those factors are: (1) interrelations of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *See*, *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987).

